**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| RIVER CANYON REAL ESTATE ) | Case No. 12-20763 EEB |
| INVESTMENTS, LLC ) | Chapter 11 |
| ) | |
| Debtor. ) | |

_____

**DEBTOR'S STATUS REPORT AND RESPONSE TO OBJECTIONS TO THIRD AMENDED PLAN OF REORGANIZATION**
_____

RIVER CANYON REAL ESTATE INVESTMENTS, LLC, (the "Debtor"), through its undersigned counsel, submits its Response to Objections to Third Amended Plan of Reorganization as follows:

1.  The Order Approving Disclosure Statement and Setting Confirmation Hearing dated February 11, 2013, included the following requirements:

> "if the Plan Proponent proposes to further amend or modify the Plan in response to any objection, at least 24 hours prior to the confirmation hearing the Plan Proponent shall file with the Court and serve on al objecting parties a response which specifically identifies any amendment(s) made in response to an objection. To such response, the Plan Proponent shall attach a red-line copy of the Plan reflecting such amendments."

2.  The Debtor proposes to further amend and modify the Plan. Contemporaneously herewith, the Debtor has filed its Fourth Amended Plan of Reorganization, which Plan includes amendments responsive to the objections filed to the Third Amended Plan of Reorganization. The primary amendments are to the treatment of the Class 5 and Class 6 claims and such treatment is responsive to both the Court's Order Valuing Security (the "Valuation Order") and the § 1111(b) election made by United Water and Sanitation District ("United").

3.  Significantly, under the Fourth Amended Plan of Reorganization (referred to hereinafter as the "Plan"), no creditor—with the exception of United—receives different treatment than that proposed under the Third Amended Plan of Reorganization. As stated, the amended treatment of United's disputed claims is reflective of events that occurred *after* approval of the disclosure statement: the Valuation Order and the contested § 1111(b) election.

4.  Attached hereto as Exhibit A is a red-line copy of the Plan reflecting the amendments. The amendments are summarized as follows:

| Section | Amendment & Explanation |
|---|---|
| § 2, Definitions pp. 3-6 (page numbers of attached redline copy) | Added Lot Exhibits that were previously attached to Disclosure Statement. Exhibits contain more comprehensive information for each Lot. |
| | |
| § 2, Definitions pp. 3-11 | Added additional defined terms to simplify discussions in class treatment |
| | |
| § IV(b) pp. 14-15 | Clarified that the amount of the Class 2 tax claims as of April 30, 2013 includes all accrued interest and that interest shall continue accruing as of May 1, 2013. |
| | |
| § IV(d) pp. 16-17 | Same change for Class 4 tax lien certificate claims |
| | |
| § IV(e) pp. 18-34 | Greatly expanded description and treatment of Class 5 to address the § 1111(b) election asserted by United.

The treatment in the event that RMD is the sole claimant is set forth in Class 5-A and is amended from the Third Amended Plan to provide for the lower collateral valuation entered subsequent to the filing of that plan.

The treatment in the event that United and RMD are both claimants is set forth in Classes 5-B and 5-C.

Provided specific escrow procedure pending resolution of the pending objection to United's claim.

Provides fair and equitable treatment to United under § 1129(b)(2)(A) and provides United more than it would receive under hypothetical liquidation as required under § 1129(a)(7).

Provides that both Ravenna and United shall release water taps and water tap certificates upon receipt of payment.

See Plan for complete understanding. |
| | |

| | |
|---|---|
| § IV(f)<br>pp. 34-40 | Amended description and treatment of Class 6 to address the § 1111(b) election and several individual lot issues. The amended treatment provides for payment in full of the allowed claim amount on the Effective Date, thereby addressing the "negative amortization" and inappropriate interest rate arguments, as well as arguments regarding risk-shifting to the claimants.<br><br>See Plan for complete understanding. |
| § V.3<br>p. 44 | Amended amount of Exit Loan to $10,000,000 |
| § V.4<br>p. 44 | Added a paragraph stating that Glenn Jacks will be the manager of the Reorganized Debtor. |
| § V.8<br>p. 46 | Added description of additional litigation claims that may be pursued. |
| § V.12<br>pp. 47-48, 61 | Narrowed scope of discharge and release language. |
| § VII<br>p. 47-48 | Narrowed scope of injunction language. |
| § VIII.1<br>p. 51 | Clarified that event of default under Exit Loan is event of default under Plan and specified that Exit Loan defaults include failure to meet minimum lot sale requirements, failure to pay property taxes and failure to repay Exit Loan in full in 5 years. |
| § VIII.4<br>p. 51 | Expanded scope of secured creditor default rights |
| § X<br>p. 53 | Clarified that general disputed claim procedure inapplicable to Class 5 and Class 6. Those classes have separate procedure set forth in the treatments of the respective classes. |
| § XII<br>pp. 55-56 | Added section providing conditions precedent to the Effective Date. The conditions precedent are (a) execution of all Exit Loan documents and (b) the closing of the Exit Loan. These additions address any concerns regarding the funding of the Exit Loan. |
| § XIII.2<br>p. 58 | Clarified that property vesting in Reorganized Debtor is subject to liens securing the Class 2, Class 4, Class 5 and Class 6 claims. |

5. The Debtor did not address the following objections raised by the various objecting parties:

| Objection (Objecting Party) | Response |
|---|---|
| No regular installment payments to Class 2 (Douglas County) | Plan provides monthly interest only payments |
| County cannot be required to distribute interest payments (Douglas County) | Plan does not require such distributions. Provides that distributions will be made pursuant to the applicable Colorado statute. |
| Lower valuation in Valuation Order materially changes Plan (Poobah) | Lower valuation only impacts United and RMD. United was a party to the valuation proceeding. RMD does not oppose Plan. |
| Plan not feasible (United) | Evidence at confirmation hearing will demonstrate feasibility. |
| Plan not proposed in good faith (United) | Evidence at confirmation hearing will demonstrate good faith. |
| Loan commitment not adequate to fund Plan payments or operation (United) | Evidence at confirmation hearing will demonstrate funding more than adequate even it § 1111(b) election effective. |
| 11% discount rate inappropriate (United) | Evidence at confirmation hearing will demonstrate proposed discount rate is appropriate. |
| Violates absolute priority rule (United) | Pursuant to § 1129(b)(1), absolute priority rule only applies if plan not accepted by unsecured creditor classes. Plan overwhelmingly accepted by Class 9.<br><br>Lazarus is not an "insider" under § 101(31) so the absolute priority rule does not apply.<br><br>Lazarus provided new value in exchange for the proposed membership interest. |
| Improper classification because RMD and United in same classes (United) | With respect to Tap Fees, Facility Acquisition Fees, and Water Resource Fees, RMD's and United's claims are identical and therefore must be classified together.<br><br>RMD's claim for Operations Fees and Sewers Fees are separately classified. |

4

| | |
|---|---|
| United's claim should be divided into 128 different classes (United) | Given that the claimholders, lien priority and bases for the claims are identical as to each of the 128 Lots, there is no reason to separately classify the claims. |

6. The Court's Minute Order dated February 1, 2013 also required the Debtor to file a "Status Report on the remaining issues to be addressed as confirmation no later than two days prior to the confirmation hearing." The Debtor assert the remaining issues to be addressed as confirmation are the following:

- Section 1111(b) election:

    (a) Whether the § 1111(b) election satisfies the requirement that the election is made by at least two-thirds in amount and more than half in number of allowed claims of Class 5 and Class 6;

    (b) If the election satisfies this requirement, whether United's interest with respect to 11 Lots has any value and whether its interest with respect to an additional 20 Lots is of inconsequential value; and,

    (c) Whether 2013 Douglas County real estate taxes assessed on and relating back to January 1, 2013 are secured claims senior to United's interest.

- Whether the Plan was proposed in good faith;

- Whether the Plan is feasible; and,

- Whether the Plan satisfies the requirements of § 1129(b)(2)(A) with respect to United's claims.

DATED this 10th day of April, 2013.

Respectfully submitted,

SENDER WASSERMAN, WADSWORTH, P.C.

*/s/ David V. Wadsworth*
Harvey Sender, #7546
David V. Wadsworth, #32066
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
303-296-1999 / 303-296-7600 FAX
dwadsworth@sww-legal.com
Attorneys for the Debtor-in-Possession

5

## CERTIFICATE OF SERVICE

   I do hereby certify that on this 10th day of April, 2013, a true and correct copy of the above and foregoing **DEBTOR'S STATUS REPORT AND RESPONSE TO OBJECTIONS TO THIRD AMENDED PLAN OF REORGANIZATION** was served via email to the following:

| | |
|---|---|
| William G. Horlbeck<br>wghorlbeckpc@msn.com | Elizabeth K. Flaagan<br>Elizabeth.Flaagan@faegrebd.com |
| Kevin S. Neiman<br>Kneiman@hblegal.net | Harold G. Morris, Jr.<br>hmorris@lindquist.com |
| Robert D. Clark<br>rclark@douglas.co.us | John C. Smiley<br>jsmiley@lindquist.com |
| Colin E. Moriarty<br>filings@underhillaw.com | US Trustee<br>USTPRegion19.DV.ECF@usdoj.gov |
| William Ewan<br>lindaewan@hotmail.com | Daniel J. Morse<br>daniel.j.morse@usdoj.gov |

                 */s/ Rhonda A. Hanshe*
                 For Sender Wasserman Wadsworth, P.C.